UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS LOCAL
915 HEALTH AND WELFARE
FUND, FRANK CARPENTER,
RANDALL KING, ROBERT
COPPERSMITH, VANCE
ANDERSON, THOMAS BEDWELL
and LEON WARD,

    Plaintiffs,

v.                              Case No:   2:15-cv-182-FtM-38CM

SAFE TECH, INC.,

    Defendant.

## ORDER

Before the Court is Plaintiffs' Motion for Clerk's Entry of Default (Doc. 8), filed on May 4, 2015. Plaintiffs move, pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b), for entry of a Clerk's Default against Defendant Safe Tech, Inc. for failure to respond to Plaintiffs' Complaint. For the reasons that follow, the motion is granted.

Rule 55(a), Federal Rules of Civil Procedure, states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether the plaintiff properly effected service of process. *Kelly v. Florida*, 233 Fed. Appx. 883, 884-85 (11th Cir. 2007); *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation and, in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d).

Here, the Return of Service (Doc. 7) states that on April 2, 2015, Plaintiffs' process server delivered a true copy of the Summons and Complaint upon Luz Hejia, an Authorized Employee of Safe Tech, Inc., at 17102 Alico Center Road, Suite 2, Fort Myers, FL 33967. Affidavits by process servers constitute a *prima facie* showing that defendants have been served. *Udoinyion v. The Guardian Security*, 440 Fed. Appx. 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D.

Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Safe Tech, Inc. has failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiffs' Motion for Clerk's Entry of Default (Doc. 8) is **GRANTED**. The Clerk is directed to enter Clerk's default against Defendant Safe Tech, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of May, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record